William L. PURCELL, Jr.,
Plaintiff-Respondent,

v.

Larry KELLEY and Shelter Insurance
Company, Defendant-Appellant.

No. 49059.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 22, 1985.

Diane C. Howard, Limbaugh, Limbaugh, Russell & Syler, Cape Girardeau, for Shelter Ins.

Larry Kelley, pro se.

William L. Purcell, Jr., pro se.

CARL R. GAERTNER, Judge.

Shelter Insurance Company appeals from a $1,000.00 judgment entered in favor of plaintiff, William L. Purcell, Jr., and against Shelter and Larry Kelley in an action originating in the small claims court of Cape Girardeau County.

Purcell, a deaf-mute, had insured his 1974 Ford van through Kelley, an agent of Shelter. In April, 1983, this agency relationship was terminated. Shelter mailed a notice of this termination to all of Kelley's clients, giving the address of a new Shelter agent. Purcell admitted receiving this notice and that he paid his July premium for three months coverage to the new agent. Purcell subsequently was notified by Shelter that a premium payment was due on October 2, 1983. He was upset because the premium had been increased from $49.80 to $55.60. He went to Kelley's new office but Kelley was not there. Purcell communicated by written notes with Vicki Bess, who, although she was not engaged in the insurance business herself, shared office space with Kelley. Purcell wanted an explanation of the premium increase which she, of course, was unable to give him. She gave him a note which stated "Larry Kelley is dealing with Cameron Mutual Insurance now. He no longer handles Shield of Shelter but he can tell you who does. He'll be in at 12." Purcell refused to wait. He insisted she take $50.00, which she did. Later she gave the money to Kelley who claimed he mailed it to a Shelter agent. The money was never received. On January 4, 1984, Purcell's van was damaged in an accident. When he attempted to make a claim against Shelter, he was told his policy had lapsed on October 2, 1983. He then brought this action against Shelter and Kelley. The trial court entered judgment against both defendants. Shelter alone appeals contending there was insufficient evidence to support the determination that Kelley was an agent for Shelter when Purcell tendered the partial payment of his premium, that Purcell's insurance had lapsed and that he failed to introduce evidence concerning the terms and coverages of the policy in question. We agree.

The relationship of principal and agent cannot be presumed but must be proved by the party asserting the existence of that relationship. *Dudley v. Dumont,* 526 S.W.2d 839, 844 (Mo.App.1975). Purcell has failed to sustain this burden. He admitted receipt of the notice of the termination of Kelley's agency. He acknowledged paying his July premium to a new agent. He admitted being informed by Vicki Bess that Kelley was no longer with Shelter but now represented Cameron Mutual Insurance Company. The evidence not only totally refutes the existence of an agency relationship between Kelley and Shelter, but it also renders unreasonable any contention of reliance upon appearances of authority for Kelley to act on behalf of Shelter. Shelter certainly did nothing to create any such apparent authority which can arise only from the acts of the principal, not those of the agent. *See Dudley v. Dumont,* 526 S.W.2d at 844–45; *Jeff-Cole Quarries, Inc. v. Bell,* 454 S.W.2d 5, 13 (Mo.1970).

Given the uncontroverted proof that Kelley's agency had been terminated and that Purcell was clearly aware of such termination we cannot affirm the trial court's judgment binding defendant Shelter in a situation where a co-tenant of an ex-agent with absolutely no relationship to Shelter accepted partial payment of a premium. Purcell's policy lapsed for lack of payment and was not in effect at the time of the accident giving rise to his claims. Accordingly, we need not discuss Shelter's remaining contentions.

The judgment against Shelter Insurance Company is reversed.

PUDLOWSKI, P.J., and KAROHL, J., concur.